**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No: 1:19 - cv – 1340

MICHELLE R. NELSON

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendant.

---

# COMPLAINT

---

**COMES NOW** the Plaintiff, Michelle Nelson, by and through her attorney, Michael S. Krieger of Michael S. Krieger, LLC, with her Complaint against the above Defendant, Liberty Life Assurance Company of Boston ("Liberty").

1. This is a civil action for disability benefits owed to Michelle R. Nelson ("Plaintiff"), arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., including 29 U.S.C. § 1132(a). Plaintiff seeks judicial review of the denial of long term disability ("LTD") and other benefits by Liberty.

## ***JURISDICTION AND VENUE***

2. The United States District Court in and for the District of Colorado has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 1132(e)(1).

3. Venue is proper in Colorado, pursuant 29 U.S.C. § 1132(e)(2), because the Liberty provides benefits to its employees who work and reside in Colorado.

## *PARTIES*

4. Plaintiff resides at 3054 Lakefront Drive, Monument, CO 80132.

5. Plaintiff is 50 years old at the time of filing this Complaint.

6. Wells Fargo, N.A. ("Employer"), employed Plaintiff as an underwriter for over 25 years and provided a long-term disability plan ("LTD Plan") as an employee benefit, which covered Plaintiff.

7. Employer's LTD Plan is administered and underwritten by Defendant Liberty Life Assurance Company of Boston ("Liberty").

8. Liberty does business in the State of Colorado and has an agent for service of process, the Colorado Insurance Commission..

## *STANDARD OF REVIEW*

9. The Employer's LTD Plan states that it extends to Liberty discretionary authority to administer and interpret the LDT Plan.

10. Liberty has an inherent and actual conflict of interest in the claim administration process in this case, because it determines the validity of Plaintiff's claim and is also responsible for paying all LTD benefits.

12. In the alternative, any term, provision or clause purporting to provide administrative discretion or deference to the Liberty or Liberty to determine eligibility for benefits under the LTD Plan, define the terms of the LTD Plan or making any plan decisions, is void pursuant to C.R.S. § 10-3-116, which makes mandatory a *de novo* review of the entitlement to disability benefits.

13 In the alternative, the acts and omissions of the Liberty constitute procedural irregularities that are serious enough to dial-back the administrative discretion allegedly reserved to the Liberty in a degree to be determined by the Court.

14. In the alternative, the acts and omissions of the Liberty were arbitrary and capricious, subjecting Liberty to the benefits and other remedies sought by Plaintiff.

## ***CLAIM FOR RELIEF***

15. Liberty is a fiduciary pursuant to ERISA, 29 U.S.C. § 1002(21).

16. Prior to her disability, Plaintiff, as an underwriter, was required to perform tasks requiring excellent memory, concentration, and other cognitive skills, the ability to sit for long periods of time, the ability to use her hands on a constant basis, and punctual, regular attendance.

17. In early 2007, Plaintiff suffered injuries in a head-on traffic accident with a drunken driver and began having increasing problems with head and neck pain. She continued working, despite her mounting physical and cognitive problems.

18. Over the course of the next several years, Plaintiff's symptoms increased and came to include severe, chronic and intractable migraine headaches, memory issues, inability to concentrate effectively, severe neck pain with moderate arthritis, radiation of pain, weakness and neuropathy down her left arm and chronic fatigue.

19. Plaintiff's condition continued to deteriorate, resulting in her having to stop working at the Employer in January of 2016.

20. Plaintiff now carries a diagnosis with a syrinx (anterior, left paramidline, stable) of the spinal cord at her C1 level, confirmed by MRI. A syrinx is a fluid-filled cyst which compresses (and potentially damages) the afflicted person's spinal cord from its center outward and is associated with pain, stiffness, progressive weakness and headaches. In addition, an MRI of her neck reveals the existence of degenerative disc,

uncinate and facet disease, foraminal narrowing at C4-C5 bilaterally and foraminal narrowing at C5-6 and C6-7 on the left.

21. Over the past several years, Plaintiff has sought treatment for her medical conditions from Dr. Katharine Leppard, MD (neurologist), Dr. Mark Fraley, DO (Primary care), Dr. Jeffrey Turner, DC (chiropractor), and a physical therapist, among other providers.

22. Plaintiff's current medications include Relpax, Ambien, Venlafaxine, Topamax, Wellbutrin, and Percocet. Current treatments include Botox injections, Chiropractic manipulation and massage therapy.

23. Headache medications that Plaintiff has tried and failed are: Propranolol, Imitrex, Axert, Maxalt, Zomig, Diclofenac, Amitriptyline, Gabapentin, and Beta Blockers. She has tried acupuncture, as well, which has failed as a treatment.

24. The combined effect of her medications and intractable pain is a reduction in Plaintiff's memory, concentration and other cognitive abilities.

25. Plaintiff received short term disability ("STD") income benefits from Employer by Liberty, effective January 28, 2016, but was terminated from said benefits 4 months later, effective May 29, 2016.

26. In a previous civil lawsuit before this Court, *Nelson v. Liberty Life Assurance Company of Boston and Wells Fargo & Company Short-Term Disability Plan*, 1:17-cv-01128-WYD-MEH, a settlement was achieved wherein the STD income benefits were deemed exhausted and Plaintiff was allowed to apply for the benefits of the LTD Plan.

27. Liberty denied Plaintiff's application for LTD benefits on December 18, 2017.

28. Plaintiff appealed this denial, but Liberty issued a final denial of LTD benefits

to Plaintiff on or around Aug 31, 2018.

29. Plaintiff has exhausted her administrative remedies.

30. Plaintiff applied for and was awarded Social Security Disability Income benefits, receiving a Notice of Award (attached as Exhibit A) dated February 27, 2017. This award is consistent with her inability to perform any job in the US economy under the Social Security Administration's ("SSA") disability regulations.

31. The Social Security Administration found Plaintiff totally disabled under its rules, effective January 28, 2016.

32. Supporting the SSA's award were the opinions of Katharine J. Leppard, MD, of Medical Rehabilitation Specialists.

33. In wrongfully denying benefits to Plaintiff, Liberty failed to comply with its fiduciary duties under ERISA, through the following acts and omissions:

a. Taking actions as a decision-maker, while in an inherent and actual conflict of interest, as Liberty is the adjudicator, investigator, payer and underwriter of claims and benefits under the Plan;

b. Failing to provide coherent, specific reasons for denying the Plaintiff's claim for benefits under the "regular occupation" standard applicable herein and failing to perform other duties, more fully described in 29 U.S.C. § 1133 and Regulation 29 C.F.R. § 2560.503.1;

c. Failing to give Plaintiff specific reasons why certain medical evidence provided by Plaintiff, including the opinions of treating physicians of Plaintiff was discounted or ignored in the denial of benefits;

d. Denying benefits based upon a selective and self-serving review of the medical and other records, "cherry-picking" portions of the record, establishing vague and inappropriate criteria for medical findings, and rejecting or ignoring the opinions of treating medical providers;

e. Failing to conduct an independent medical examination;

f. Providing a misleading statement in the denial letter of Aug 31, 2018, concerning the contractual statute of limitations; and

g. Failing to perform other acts which a reasonable, full and fair review of this claim requires under the circumstances of this individual case.

34. Plaintiff is entitled to receive all disability and other plan benefits from the date of her initial eligibility for LTD benefits, reinstatement of any and all applicable continuing benefits, prejudgment interest at the rate of 8% under Colorado law on all back-due benefits, and reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1) and C.R.S. § 10-3-1116(1).

***WHEREFORE***, Plaintiff requests the following from this Honorable Court:

a. Declaratory relief as may be appropriate, ordering the Liberty to pay all back-due benefits and reinstate any and all continuing and future Plan benefits, including but not limited to LTD benefits and group life insurance waiver of premium benefits, if any;

b. Order the Liberty to pay prejudgment and/or other interest on any back-due benefits at the rate set by Colorado law (8%) or other applicable statute;

c. Order the Liberty to pay all court costs and reasonable attorney fees pursuant to ERISA and C.R.S. § 10-3-1116(1); and

d. Grant such other relief as may be proper.

Signed and executed this 22nd day of April, 2019.

***s/Michael S. Krieger***
Michael S. Krieger
Michael S. Krieger, LLC
165 South Union Blvd., #555
Lakewood CO 80228
303-781-5559 Fax: 303-781-1349
Mike@Krieger.Law
Attorney for Plaintiff

Plaintiff's address:
See paragraph 4 above