IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01340-KMT

MICHELLE R. NELSON,

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendant.

## **DEFENDANT'S ANSWER**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Michelle R. Nelson ("Plaintiff"), and states as follows:

1. Liberty Life admits that by this action, Plaintiff is seeking recovery of long term disability benefits from an employee benefit plan (the "LTD Plan") sponsored by Plaintiff's employer, Wells Fargo & Company ("Wells Fargo"), and that the LTD Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq., but Liberty Life denies Plaintiff is entitled to any such recovery. Liberty Life admits that, at certain times, it was the insurer of benefits from the LTD Plan through the Group Disability Income Policy GF3-850-289424-01 (the "Policy") issued to Wells Fargo by Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

***JURISDICTION AND VENUE***

2. Liberty Life admits this Court has subject matter jurisdiction and that this action is governed by ERISA, 29 U.S.C. § 1001 et seq. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits venue is proper in this District. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

***PARTIES***

4. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Liberty Life admits that Plaintiff was, at certain times, employed by Wells Fargo as a Consumer Loan Underwriter 3. Liberty Life admits that, at certain times, Wells Fargo sponsored the LTD Plan, to provide benefits to certain of its employees. Liberty Life admits that Plaintiff was, at certain times, a participant in the LTD Plan. Liberty Life denies all remaining allegations contained in paragraph 6 of the Complaint.

7. Liberty Life admits that, at certain times, it was the insurer of benefits from the LTD Plan through the Policy issued to Wells Fargo by Liberty Life. Liberty Life admits that, at certain

times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Liberty Life specifically denies it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits it is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania and that is licensed to do business in Colorado. Liberty Life admits that it was properly served in this action. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

***STANDARD OF REVIEW***

9. Liberty Life admits the Policy includes language pertaining to discretionary authority, but Liberty Life refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 9 of the Complaint seek to interpret the Policy and the documents governing the LTD Plan, Liberty Life refers to the Policy and documents governing the LTD Plan as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits it issued the Policy to Wells Fargo, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. There is no Paragraph numbered “11” contained in the Complaint.

12. To the extent that Paragraph 12 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life denies all allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life denies all allegations contained in Paragraph 14 of the Complaint.

***CLAIM FOR RELIEF***

15. To the extent that Paragraph 15 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in paragraph 15 of the Complaint.

16. Liberty Life admits that certain documents concerning Plaintiff's job description at Wells Fargo are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 16 of the Complaint.

17. Liberty Life admits that certain documents concerning Plaintiff's automobile accident, medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits that, at certain times, Plaintiff was employed by Wells Fargo and that Plaintiff's last day of work at Wells Fargo was January 28, 2016. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits that certain documents concerning Plaintiff's automobile accident, medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was determined, and Liberty Life refers to the administrative

record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life admits that certain documents concerning Plaintiff's automobile accident, medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits that Plaintiff's last day of work at Wells Fargo was January 28, 2016. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life admits that certain documents concerning Plaintiff's automobile accident, medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Liberty Life admits that certain documents concerning Plaintiff's automobile accident, medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Liberty Life admits that certain documents concerning Plaintiff's automobile accident, medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was determined, and Liberty Life refers to the administrative

record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Liberty Life admits that certain documents concerning Plaintiff's automobile accident, medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Liberty Life admits that certain documents concerning Plaintiff's automobile accident, medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Liberty Life admits that Plaintiff submitted a claim for, and at certain times received, benefits from the short-term disability plan (the "STD Plan") sponsored by Wells Fargo. Liberty Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Liberty Life admits that Plaintiff previously filed Civil Action No. 1:17-cv-01128-WYD-MEH, entitled *Nelson v. Liberty Life Assurance Company of Boston and Wells Fargo & Company Short-Term Disability Plan*. Liberty Life admits that Plaintif submitted a claim for benefits from the LTD Plan under the Policy. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of

benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Liberty Life admits it sent a letter to Plaintiff dated December 18, 2017, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Life admits it received an appeal of the denial of Plaintiff's claim for benefits from the LTD Plan, along with additional documentation, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life admits it sent a letter to Plaintiff's Counsel dated August 31, 2018, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative

review process. Liberty Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Liberty Life admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Liberty Life admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Liberty Life admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits that certain documents concerning Plaintiff's automobile accident, medical complaints and treatments are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan was determined, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Liberty Life denies all allegations contained in Paragraph 33 of the Complaint.

34. Liberty Life denies all allegations contained in Paragraph 34 of the Complaint.

Liberty Life denies that Plaintiff is entitled to the relief requested in the Wherefore Paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

For further defense, if such be necessary, Liberty Life shows the Court as follows:

1. Plaintiff's Complaint fails to state a claim on which relief may be granted.

2. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

3. Plaintiff's claims are barred, in whole or part, under waiver, estoppel, unclean hands, and laches.

4. The standard of review by the District Court in this case should be whether Liberty Life's decision was arbitrary and capricious, because the Policy and relevant plan documents contain sufficient discretionary language to invoke this standard.

5. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the Policy, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and disability benefits Plaintiff and/or his dependent(s) have received from the Social Security Administration.

6. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the Policy, resulting from Plaintiff's or her agent's receipt of recovery from the person by whom the injuries resulting in the asserted disability were caused.

7. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

8. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

9. Liberty Life reserves the right to assert additional defenses based on discovery in this action.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Liberty Life moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein, and grant Liberty Life such other and further relief as the Court deems proper.

Respectfully submitted,

*/s/ Iwana Rademaekers*

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

COUNSEL FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**CERTIFICATE OF SERVICE**

I certify that on May 31, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael S. Krieger, Esq.
Email: Mike@Krieger.law

/s/ *Iwana Rademaekers*
Iwana Rademaekers