IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:19-cv-01340-KMT**

MICHELLE R. NELSON,

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendant.

---

# CIVIL CASE SCHEDULING ORDER IN AN ERISA ACTION

---

Plaintiff Michelle R. Nelson ("Nelson") and Defendant Liberty Life Assurance company of Boson ("Liberty Life") file this proposed Scheduling Order in an ERISA Action, pursuant to the Order entered by the Court on May 10, 2019.

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The parties conferred on June 19, 2019, and the following counsel attended the conference:

**For the Plaintiff:**
Michael S. Krieger
MICHAEL S. KRIEGER, LLC
165 South Union Blvd, #555
Lakewood, CO 80228
Phone: (303) 781-5559
Fax: (303) 781-1349
Email: Mike@Krieger.law

**For Defendant:**
Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff's Statement:** Plaintiff sues under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), to recover long-term disability ("LTD") benefits under an employee welfare benefit plan established and maintained by her former employer Wells Fargo, N.A. and insured by Defendant.

b. **Defendant's Statement:** Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration.

## 4. COMPUTATION OF DAMAGES

a. **Plaintiff's Computation:** Plaintiff seeks past benefits after all lawful offsets under the Liberty policy, reinstatement to Wells Fargo's disability plan under Liberty's Policy, and attorneys' fees and costs.

| | |
|---|---|
| -Plaintiff's Salary: | $5460/month |
| -LTD benefit (65%) is: | $3549 |
| -Plaintiff's SSDI initially was: | $1809 |
| -Net LTD after SSDI offset is: | $1740 |
| -Plaintiff's DOB is: | Sept 13, 1968 |
| -Plaintiff is 65 on: | Sept 13, 2033 |
| -Plaintiff's date of disability onset is: | January 28, 2016 |
| -LTD benefit waiting period | 6 months |
| -NO LTD benefits paid since: | July 28, 2017 |
| -Overpayment due to Defendant is: | $-0- |
| -Back-due period is: | Jul 28, 2017 to Jun 28, 2019 |
| -Back-due is 23 months x 1740: | $40,020 |
| -Interest on back-due benefit @ 8%: | $1600 |
| -Potential future benefit: | 158.5 months ($275,790) |

b. **Defendant's Computation:** If Plaintiff succeeds on the merits, she will be entitled to recovery of past benefits after all policy offsets (the net past benefits currently total $30,119.40), plus reinstatement to the Wells Fargo Disability Benefit Plan under the terms of the Group Disability Income Policy issued by Liberty to Wells Fargo. Offsets will include both Plaintiff's primary and dependent SSDI, along with any other offsetable income or benefits, as set forth in the policy. No award of future benefits is available under 29 U.S.C. § 1132(a). Additionally, an award of attorneys' fees and costs is discretionary to either party under 29 U.S. Code § 1132(g).

## 5. CONSENT

All parties *have not* consented to the exercise of jurisdiction of a magistrate judge.

## 6. CASE PLAN AND SCHEDULE

*The parties should provide a brief statement indicating whether they agree upon the administrative record and the applicable standard review. If there is a disagreement on the applicable standard of review, each party shall concisely set forth the bases for their position.]*

a. Deadline for submission of the Administrative Record or Index pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973): August 6, 2019

b. Deadline for filing any Motion Requesting Discovery: September 3, 2019

*[A party moving for discovery must set forth in their motion the factual and legal bases for the requested discovery, and must append to their motion proposed interrogatories and/or requests for production . A party requesting depositions should also provide a list of proposed deponents and a brief summary of the information to be sought from each deponent.]*

c. Deadline for Filing a Motion to Supplement Administrative Record: November 1, 2019

*[A party moving to supplement the administrative record must set forth in their motion the factual and legal bases for the requested relief and must identify the documents, materials or facts they wish to incorporate in the administrative record.]*

d. Deadline for filing Plaintiff's Opening Brief: December 12, 2019

e. Deadline for filing Defendant's Response Brief: January 13, 2020

f. Deadline for filing Plaintiff's Reply Brief: February 12, 2020

*[The parties must file, contemporaneously with the filing of Plaintiff's Reply Brief, a "Joint Motion for Determination" which will serve as notice to the court that briefing has been completed.]*

## 7. CONFERENCES

*[The parties must certify here that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.]*

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. An early neutral evaluation will be held on ______________________at ______o'clock ___.m.

( ) *Pro se* parties and attorneys only need be present.

( ) *Pro se* parties, attorneys, and client representatives must be present.

( ) Each party shall submit a Confidential Statement to the magistrate judge on or before ___________________outlining the facts and issues, as well as the strengths and weaknesses of their case.

b. Status conferences will be held in this case at the following dates and times: ______________________________________________________________.

## 8. OTHER MATTERS

*[The following paragraphs shall be included in the scheduling order:]*

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

DATED this ___________day of _____________________, 2019.

BY THE COURT

_________________________________
United States Magistrate Judge

APPROVED:


/s/ Michael S. Krieger
Michael S. Krieger
MICHAEL S. KRIEGER, LLC
165 South Union Blvd, #555
Lakewood, CO 80228
Phone: (303) 781-5559
Fax: (303) 781-1349
Email: Mike@Krieger.law

COUNSEL FOR PLAINTIFF

/s/ Iwana Rademaekers
Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

COUNSEL FOR DEFENDANT