**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS M. FERREE<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, ("LINA"), a subsidiary of the CIGNA Corporation ("CIGNA"), et. al.<br><br>Defendants. | ) | CIVIL ACTION NO.:<br><br>1:05-CV-2266-WSD |

**<u>AFFIDAVIT OF DR. LEONARD SONNE</u>**

Having appeared before me a Notary Public, with proper identification, LEONARD J. SONNE, M.D., who does solemnly swear and declare as follows:

(1)

I am over the age of eighteen and competent to testify.

(2)

I am a doctor licensed to practice medicine in Massachusetts and New York. I have an office at 274 Delaware Ave, Delmar, NY 12054.

EXHIBIT 1

(3)

In September of 2001, I began conducting peer reviews and utilization reviews for third party service providers to insurance companies as part of my practice. Since then, I have spent approximately 35 hours per week seeing patients. In 2002, performing peer reviews made up for approximately 20-30% of my total income.

(4)

I perform reviews for various third party providers to insurance companies including: Managing Care Managing Claims (MCMC) and Network Medical Review (NMR). I signed all the required contracts to participate as a reviewer for these companies. NMR advised me of their policy regarding "evidence-based medicine" and their list of prohibited terms for use in peer review reports.

(5)

I am currently a participating Peer Reviewer for Intracorp. As a participating Peer Reviewer for Intracorp, I signed a contract. I no longer have a copy of this contract in my possession.

(6)

At one time, I conducted both peer reviews and utilization reviews for Intracorp. I no longer perform utilization reviews for Intracorp.

(7)

Of all the companies for which I provide review services, I do the least number of reviews annually for Intracorp.

(8)

The most reviews I have ever performed in a single month is approximately 400. Taking an average over the entire time I have acted as a reviewer, I have performed approximately 40 utilization reviews per month. Taking an average over the entire time I have acted as a reviewer, I have performed approximately 10 peer reviews per month.

(9)

When assigned to conduct a peer review, Intracorp sends me a package which contains the medical records I am to review and gives a guideline for how much time to spend on the review. It is routine practice to return all files reviewed to Intracorp upon completion of a review. I have no practice of itemizing in my report the entirety of the records I received or reviewed in connection with a peer review. Upon completion, I submit my initial report to Intracorp via email with an attachment to Mary Lowery indicating the amount of time I spent reviewing the files.

(10)

If the report I submit to Intracorp is marked "Draft", it is reviewed by Intracorp and reformatted to meet their needs. I do not see a copy of the final report, so I do not know whether any part of my report is removed or altered in any way.

(11)

In order to get paid for my services to Intracorp, I submit a statement of the amount of time I spent to Mary Lowery. I later receive a statement from Intracorp confirming the amount of payment. My check comes from Connecticut General Life Insurance Company.

(12)

Upon information and belief, I performed a Peer Review of Thomas M. Ferree's claim for Intracorp.

(13)

I do not have any correspondence, communications, documents or other things – whether in the form of letters, memoranda, notes, emails, telecopies, faxes, phone messages, or otherwise – in my possession that in any way relates to my review of Mr. Ferree's claim. I have no current recollection of this claim or the circumstances surrounding my review.

(14)

I do not know what records I reviewed in my peer review of Thomas Ferree's case.

(15)

Intracorp pays me $100 per hour for my services. I estimate that I spent approximately 90 minutes on Mr. Ferree's claim and believe I was paid approximately $150.

(16)

Although documentation likely exists in the form of 1099 forms, it would place an undue burden on me to locate documentation of all payments made to me for services in relationship to Mr. Ferree's claim. Intracorp and/or Connecticut General Life Insurance Company should have these records. These companies have my permission to provide copies of any 1099 forms sent to me.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed this 10 day of March, 2006.

Leonard J. Sonne, M.D.

Sworn to and subscribed before the undersigned Notary Public

This the 10th day of March 2006

Notary Public

My Commission Expires: ____________

SHEILA A. MEARS
Notary Public, State of New York
Qualified in Albany County
Reg. No. 4721901
Commission Expires Dec. 31, 2006