**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorney for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alma Rosa Robles,<br>Plaintiff,<br>vs.<br>Liberty Life Assurance Company of Boston; Wells Fargo & Company Long-Term Disability Plan,<br>Defendants. | Case No.: 2:15-CV-00160-DTF<br><br>**DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, NON-UNIFORM INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

To: Plaintiff, Alma Robles, by and through her attorney of record, Scott E. Davis, Esq., 8360 E. Raintree Drive, Suite 140, Scottsdale, AZ 85260.

Defendants Liberty Life Assurance Company of Boston ("Liberty Life"), Wells Fargo & Company ("Wells Fargo") and Wells Fargo & Company Long-Term Disability Plan (the "LTD Plan") (collectively "Defendants") serve their Amended Responses to Plaintiff's Request for Admission, Non-Uniform Interrogatories, and Request for Production of Documents as follows:

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1.** Admit that Defendant Liberty would be the paying source of long term disability benefits if Robles' benefits had not been denied.

Exhibit 2
Motion for Discovery

**RESPONSE:**

Defendants admit that Liberty Life issued a Group Disability Income Policy (the "Policy") to Wells Fargo and that, at certain times, the Policy insured benefits from the Wells Fargo & Company Long-Term Disability Plan (the "LTD Plan") under the terms of the Policy.

**REQUEST FOR ADMISSION NO. 2.** Admit that Defendant Liberty has been selected by the Plan Administrator to administer its LTD Disability Plan which included Robles as a participant.

**RESPONSE:**

Defendants admit that Liberty Life issued the Policy to Wells Fargo and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Defendants further admit that Liberty Life was the claim administrator for any benefits that would be paid to Plaintiff from the LTD Plan under the Policy that are relevant to this action.

**REQUEST FOR ADMISSION NO. 3.** Admit that Defendant Liberty has been selected by the Plan Administrator to administer its LTD Disability Plan which included Robles as a participant.

**RESPONSE:**

Defendants admit that Liberty Life issued the Policy to Wells Fargo and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Defendants further admit that Liberty Life was the claim administrator for any benefits

that would be paid to Plaintiff from the LTD Plan under the Policy that are relevant to this action. Defendants further admit Robles was, at certain times a participant in the LTD Plan.

**REQUEST FOR ADMISSION NO. 4.** Admit that no claims handler with responsibilities regarding the Robles claim or appeal, read any of the studies listed in paragraphs 34-39 of Robles' Complaint prior to Defendants denying the Robles appeal to reverse the LTD benefits denial.

**RESPONSE:**

Defendants deny this Request.

## NON-UNIFORM INTERROGATORIES

**INTERROGATORY NO. 1.** State the factual basis for the Affirmative Defenses listed in Liberty Life's Answer:

a. Failure to state a claim upon which relief can be granted;
b. Failure to exhaust administrative remedies.

**RESPONSE:**

a. Liberty Life did not violate any provision of ERISA with regard to Plaintiff's claim for benefits from the LTD Plan under the Policy, and further, its decision on Plaintiff's claim was not an abuse of discretion. As such Plaintiff's claim against Liberty Life must fail. Additionally, pursuant to Fed R. Civ. P. 33(d), Defendants refer to the documents bates-labeled Liberty/Robles 000001-000044.

b. To the extent that Plaintiff seeks to recover in this action under ERISA for claims that she has not pursued through the mandatory appeal, on which Liberty Life made its final decision on February 5, 2015 (Liberty/Robles 119-124), Plaintiff will not be able to recover under such ERISA claims, as there has been a failure to exhaust required administrative remedies. Additionally, pursuant to Fed R. Civ. P. 33(d), Defendants refer to the documents bates-labeled Liberty/Robles 000001-000044.

**INTERROGATORY NO. 2.** State either the exact number, or if you are unable to provide an exact number, your best estimate as to the number of file reviews of disability benefits claims performed for Liberty Life during the years 2010 to 2014, broken down by year, by each of the following vendors:

a. Medical Consultants Network
b. John Bogdasarian, MD
c. MLS Peer Review Services
d. Stephen Maturo, MD
e. Andrew Schubkegel, MD

**<u>RESPONSE</u>:**

John Bogdasarian, M.D., Stephen Maturo, M.D., and Andrew Schubkegel, M.D. were not vendors of Liberty Life during any time in 2010-2015. The services of these physicians were procured by Medical Consultants Network (Bogdasarian) and MLS Peer Review Services (Maturo and Schubkegal).

a. Medical Consultants Network:

- 2010: 1045
- 2011: 1228
- 2012: 1311

- 2013: 1615
- 2014: 1759

b. John Bogdasarian, MD

- 2013: 2 Reviews completed through MCN
- 2014: 1 Review completed through MCN

c. MLS Peer Review Services

- 2010: 2615
- 2011: 3300
- 2012: 2958
- 2013: 3536
- 2014: 3239

d. Stephen Maturo, MD

- 2014: 2 Reviews completed through MLS

e. Andrew Schubkegel, MD

- 2012: 1 Review completed through MLS
- 2013: 11 Reviews completed through MLS
- 2014: 8 Reviews completed through MLS

**INTERROGATORY NO. 3.** State the total amount of compensation paid by Liberty Life claims for each of the years 2010 – 2015, broken down by year, for each of the following vendors:

a. Medical Consultants Network
b. John Bogdasarian, MD
c. MLS Peer Review Services
d. Stephen Maturo, MD
e. Andrew Schubkegel, MD

**RESPONSE:**

John Bogdasarian, M.D., Stephen Maturo, M.D., and Andrew Schubkegel, M.D. were not vendors of Liberty Life during any time in 2010-2015. Liberty Life paid Medical Consultants Network (Bogdasarian) and MLS Peer Review Services (Maturo and Schubkegal) for the file reviews performed by these physicians. Moreover, the information available regarding compensation paid to Medical Consultants Network and MLS Peer Review Services is derived from 1099 forms issued to these vendors by Liberty Life and will include all amounts paid to these entities by Liberty Life during those years, including income for other services than file reviews for disability benefit claims. As such, income for services such as independent medical/psychiatric examinations and file reviews for claims other than disability benefit claims will be included in these numbers. The only method which would limit this amount to the information requested in the Interrogatory regarding file reviews in disability benefits claims is a file by file inspection of all of Liberty's claims files, which would require thousands of man hours to complete.

a. Medical Consultants Network (per 1099 forms)

- 2010: total compensation $ 0
- 2011: total compensation $ 0
- 2012: total compensation $ 956,397.92
- 2013: total compensation $ 1,235,722.67
- 2014: total compensation $ 1,424,277.04

b. John Bogdasarian, MD

- 2013: total compensation $450 paid to MCN
- 2014: total compensation $200 paid to MCN

c. MLS Peer Review Services (per 1099 forms)

- 2010: total compensation $ 3,055,433.75
- 2011: total compensation $ 3,458,319.74
- 2012: total compensation $ 3,958,075.77

- 2013: total compensation $ 3,893,120.74
- 2014: total compensation $ 3,738,764.88

d. Stephen Maturo, MD

- 2014: total compensation $1586.25 paid to MLS

e. Andrew Schubkegel, MD

- 2012: total compensation $411.25 paid to MLS
- 2013: total compensation $7,755.01 paid to MLS
- 2014: total compensation $6,621.13 paid to MLS

**INTERROGATORY NO. 4.** List all policies and procedures which address whether articles cited as medical authority by a claimant in a claim or appeal of a denial/termination should be included as part of the administrative record.

**<u>RESPONSE</u>:**

Defendants respond that there is no such specific Liberty Life policy or procedure regarding articles specifically, but that all documents received from a claimant or her counsel or regarding a claimant are included in Liberty Life's claim file.

**INTERROGATORY NO. 5.** List all policies and procedures which address whether articles cited as medical authority by a claimant in a claim or appeal of a denial/termination should be considered by medical reviewers in connection with work done on a specific claim.

**<u>RESPONSE</u>:**

Defendants respond that there is no such specific Liberty Life policy or procedure regarding articles specifically, but that all documents received from a claimant or her counsel or regarding a claimant are included in Liberty Life's claim file.

**INTERROGATORY NO. 6.** List all policies and procedures which address whether articles cited as medical authority by a claimant in a claim or appeal of a denial/termination should be considered by claims personnel in consideration of whether benefits should be paid or reinstated.

**RESPONSE:**

Defendants respond that there is no such specific Liberty Life policy or procedure regarding articles specifically, but that all documents received from a claimant or her counsel or regarding a claimant are included in Liberty Life's claim file.

**INTERROGATORY NO. 7.** If you have not unequivocally admitted any of the RFAs 1-3, please list in detail all factual bases supporting why you have not admitted the statement.

**RESPONSE:**

Defendants respond that all such factual bases and any relevant non-privileged documents in their possession, custody, or control that are subject to the Request are included in the responses to RFA 1-3.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all policies and procedures which address whether articles cited as medical authority by a claimant in a claim or appeal of a denial/termination should be included as part of the administrative record.

**RESPONSE:**

Defendants respond that there is no such specific Liberty Life policy or procedure, and further respond that all relevant non-privileged documents in their possession, custody, or control governing the claims for benefits from the benefit plan under the policy at issue in this action have been produced (Liberty/Robles 000001-000044).

**REQUEST FOR PRODUCTION NO. 2:** Produce all policies and procedures which address whether articles cited as medical authority by a claimant in a claim or appeal of a denial/termination should be considered by medical reviewers in connection with work done on a specific claim.

**RESPONSE:**

Defendants respond that there is no such specific Liberty Life policy or procedure, and further respond that all relevant non-privileged documents in their possession, custody, or control governing the claims for benefits from the benefit plan under the policy at issue in this action have been produced (Liberty/Robles 000001-000044).

**REQUEST FOR PRODUCTION NO. 3:** Produce all policies and procedures which address whether articles cited as medical authority by a claimant in a claim or appeal of a denial/termination should be considered by claims personnel in consideration of whether benefits should be paid or reinstated.

**RESPONSE:**

Defendants respond that there is no such specific Liberty Life policy or procedure, and further respond that all relevant non-privileged documents in their possession, custody, or control governing the claims for benefits from the benefit plan under the policy at issue in this action have been produced (Liberty/Robles 000001-000044).

**REQUEST FOR PRODUCTION NO. 4:** If you have not unequivocally admitted any of the RFAs, please provide all documents which support the factual basis for why you have not admitted the statement.

**RESPONSE:**

Defendants respond that all such factual bases and any relevant non-privileged documents in their possession, custody, or control that are subject to the Request are included in the responses to RFA 1-3.

DATED this 15th day of December, 2015.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

BY: ______________________________
Iwana Rademaekers, TX Bar No. 16452560
Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, NON-UNIFORM INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS** was forwarded via Electronic Mail and U.S. First Class Mail, on the 15th day of December, 2015, to the following counsel of record:

Barry Kirschner, Esq.
Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C.
5210 E. Williams Circle, #800
Tucson, AZ 85711
Email: bkirschner@wechv.com

*Attorneys for Plaintiff*

Sandy Acker
Employee of The Law Offices of Iwana Rademaekers, P.C.

## VERIFICATION

**STATE OF FLORIDA** §
§
**COUNTY OF HILLSBOROUGH** §

BEFORE ME, the undersigned authority, on this day personally appeared **PAULA MCGEE**, who being first duly sworn, deposed and stated as follows:

> My name is Paula McGee. I am the Litigation Manager for Defendant Liberty Life Assurance Company of Boston. I am authorized on behalf of this Defendant to verify the answers in ***Defendant's Responses to Plaintiff's Non-Uniform Interrogatories***. The answers provided consist of information compiled from a variety of sources and are true and correct to the best of my personal knowledge.

FURTHER AFFIANT SAYETH NOT.

PAULA MCGEE

SWORN TO AND SUBSCRIBED BEFORE ME on this the 10th day of December, 2015.

Notary Public in and for the State of Florida

My Commission Expires:
7/31/17

EDIE ODGAARD
Notary Public - State of Florida
My Comm. Expires Jul 31, 2017
Commission # FF 37232
Bonded Through National Notary Assn.